UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

MATTHEW WEIGMAN,

    Plaintiff,   :   Civ. No. 15-8454 (NLH)

  v.   :   OPINION

FEDERAL BUREAU OF PRISONS, et al.,

    Defendants.

---

APPEARANCES:
Matthew Weigman, # 26937-038
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640
    Plaintiff Pro se

HILLMAN, District Judge

    On or about December 2, 2015, Plaintiff Matthew Weigman, a prisoner confined at the Federal Correctional Institution in Fort Dix, New Jersey, filed this civil rights action asserting claims pursuant to Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L.Ed.2d 619 (1971). (ECF No. 1).  This case was previously administratively terminated due to Plaintiff's failure to satisfy the filing fee requirement. (ECF No. 3).  On or about January 13, 2016, Plaintiff filed an in forma pauperis application (ECF No. 4) and the case was reopened for review by a judicial officer.  On February 8, 2016, this Court granted

Plaintiff leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF No. 6).

At this time the Court must review the instant Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).  For the reasons set forth below, Defendant Federal Bureau of Prisons will be DISMISSED WITH PREJUDICE as a defendant; however the remainder of the Complaint will be permitted to PROCEED.

In the Complaint, Plaintiff alleges claims of retaliation for "exercise[ing] his First Amendment right to petition the Government for a redress of grievances." (Compl. 1, ECF No. 1). He names as defendants: (1) the Federal Bureau of Prisons; (2) Correctional Counselor Derek Hamel; (2) Correctional Counselor Mark Holterman; and (4) Correctional Counselor Karlton Byrd.

At this time, the Court will not dismiss the claims of the Complaint as a result of its sua sponte screening.  However, Plaintiff may not bring a Bivens claim against the Federal Bureau of Prisons. See Ruiz v. Fed. Bureau of Prisons, 481 F.

2

App'x 738, 740 (3d Cir. 2012) (citing Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 71, 122 S. Ct. 515, 151 L. Ed. 2d 456 (2001)) (explaining that Bivens claims may be brought only against individual federal officers, not the United States or the Bureau of Prisons).

For the foregoing reasons, Defendant Federal Bureau of Prisons will be dismissed with prejudice. The claims of the Complaint are permitted to proceed against the remaining defendants at this time.

An appropriate Order follows.

                                       ___s/ Noel L. Hillman_____
                                       NOEL L. HILLMAN
                                       United States District Judge

Dated: April 26, 2016
At Camden, New Jersey